UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL EUGENE ROBERTS, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-2959 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Petitioner Michael Eugene Roberts' Petition for Writ of Habeas Corpus, and Respondent Lorie Davis' Motion to Dismiss. Having carefully considered the Petition, the Motion, Roberts' response to the motion, and the arguments and authorities submitted by the parties, the Court is of the opinion that Respondent's Motion should be GRANTED, and Roberts' Petition for Writ of Habeas Corpus should be DENIED.

I. **Background**

Roberts pled guilty to violating a protective order in the 184th District Court of Harris County, Texas. On September 19, 2013, that court sentenced him to 10 years imprisonment. Roberts did not file a direct appeal. Petition at 3.

Roberts filed a state application for a writ of habeas corpus on January 10, 2014. SH-02 (Doc. # 15-3) at 18.[1] The application was denied on January 7, 2015. SH-02 (Doc. # 15-1), at Action Taken page.

---

[1] "SH" refers to the proceedings of Roberts' state habeas corpus application.

On May 16, 2016, Roberts filed a second state habeas corpus application. SH-03 (Doc. # 15-7) at 13. The TCCA denied this application without written order on September 28, 2016. SH-03 (Doc. # 15-5) at Action Taken page. Roberts filed this federal petition on September 26, 2016. Petition at 10. Respondent now moves to dismiss the petition on the grounds that it is barred by the statute of limitations.

II. **Analysis**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") , a State prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Roberts did not appeal his conviction. Thus, Roberts' conviction became final on October 19, 2013, 30 days after sentencing, when the time expired for Roberts to appeal. *See* TEX. R. APP. P. 26.2(a)(1). Absent tolling, the statute of limitations expired on October 19, 2014.

Section 2244(d)(2) of title 28 of the United States Code provides that the statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . . ." Roberts filed his first state habeas corpus application on January 10, 2014. By that time, 83 days had elapsed, leaving 282 days under the statute of limitations. The TCCA denied the application on January 7, 2015.

Roberts filed his next state habeas corpus application on May 16, 2016, 495 days after the TCCA denied his first application. This exceeded the time left in the limitations period by 213 days. There was thus no time left to toll when Roberts filed his second application. His federal habeas corpus petition, filed more than four months later, is thus untimely.

Roberts argues that he is entitled to equitable tolling. The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting his rights. "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted).

Roberts argues that his efforts to pursue relief were impeded by the alleged denial of his right to effective trial counsel. He does not explain, however, how his trial counsel's allegedly deficient performance prevented him from filing a timely habeas corpus petition. While a criminal defendant has a constitutional right to effective assistance of counsel at trial and in any appeal as of right, *see Evitts v. Lucy*, 469 U.S. 387, 395 (1985)*; Strickland v. Washington*, 466 U.S. 668, (1984), there is no constitutional right to counsel in habeas corpus proceedings, *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). The alleged ineffective assistance of Roberts' counsel at trial had no bearing on Roberts' ability to file

a timely habeas corpus petition– indeed, Roberts *did* file a timely state habeas corpus application.  Roberts therefore fails to identify any basis for equitable tolling.

Roberts further argues that the limitations period began to run at a later date because he only discovered certain facts concerning his prior criminal record through other ongoing litigation filed after his conviction.  The standard, however, is not when a petitioner actually discovers a relevant fact, but when he could have discovered it through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).  Roberts' criminal record should have been known to him at the time of his conviction, and he points to nothing preventing him from obtaining official records of his criminal history. Any facts concerning the nature of that history were available to Roberts at the time of his conviction, and were discoverable through the exercise of due diligence well before the expiration of the limitations period.  Therefore, the statute of limitations began to run 30 days after sentencing, and this petition is barred by the AEDPA statute of limitations, 28 U.S.C. § 2244(d).

## III    Conclusion

For the foregoing reasons, respondent's motion to dismiss is granted and Roberts' petition for a writ of habeas corpus is dismissed with prejudice.

## IV.    Certificate of Appealability

Roberts has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing ruling.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*.  The statute does not require that a

petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998); *see also Roberts v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered Roberts' petition. The Court finds that jurists of reason would not find it debatable that the petition is foreclosed by the statute of limitations. This Court therefore concludes that Roberts is not entitled to a certificate of appealability.

## V.  Order

For the foregoing reasons, it is ORDERED as follows:

A. Respondent Lorie Davis' Motion to Dismiss (Doc. # 14) is GRANTED;

B. Petitioner Michael Eugene Roberts's Petition for Writ of Habeas Corpus (Doc. # 1) is DISMISSED AS TIME-BARRED; and

    C.    No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 21st day of August, 2017.

                                                    Kenneth M. Hoyt
                                                   United States District Judge